ELKANAH M. WASHBURN, Respondent, *v.* THE VILLAGE
OF MOUNT KISCO, Appellant.

*Bridges — liability of towns to repair bridges in a village —* 1870, *chap.* 291.

A village, incorporated under chapter 291 of 1870, is not bound to repair bridges
situated within its corporate limits unless it elects to do so. In the absence of
such election the town continues to be bound to repair such bridges, and is
liable to any person injured by its neglect to keep them in a safe condition.

Appeal from a judgment in favor of the plaintiff, entered upon
the submission of this action, without process, upon an agreed state-
ment of facts.

*David H. Hunt,* for the appellant.

*Elkanah M. Washburn,* for the respondent.

Barnard, P. J. :

The primary duty of keeping bridges in repair is imposed upon
the town. It is the duty of town commissioners of highways to keep
the bridges safe and in good repair. (1 R. S., 460.) The defendant
is a village corporation carved out of the territory of New Castle and
incorporated under chapter 291 of the Laws of 1870. The plaintiff's
horse was killed by reason of a defect in a bridge which was within
.the limits of the village, and the question is whether the village or
town is liable for the injury. The facts agreed upon state in fact
no question. No negligence is admitted and it is not agreed that
the plaintiff was free from negligence, but as the parties seem to
have assumed these facts it is necessary to examine the village
charter act and determine whether or not the duty of keeping up
and in a safe condition the bridges, is taken from the town and
imposed upon the village under circumstances like these in respect
to defendant. The act permits the incorporation " of any part of any
town " with certain population. (Title 1, § 1.) The trustees have
power " to make and repair all bridges which may be necessary
within the bounds of the village." (Title 3, § 1, subd. 25.)

The village thus incorporated is a separate highway district,
" exempt from the superintendence of any one except the board of
trustees who shall be commissioners of highways in and for such

village, and shall have all the powers of commissioners of highways of towns in the state, subject to this act." By title 8, section 27, it is shown what the duty in respect to bridges really is intended to be, and what the powers over roads and bridges in villages, is subject to.

SEC. 27. " Nothing in this act giving the boards of trustees of a village power to make and repair bridges within the village bounds, or making them commissioners of highways, or making the territory of the village a separate highway district, subject to the board of trustees alone, shall be construed as divesting the commissioners of highways for any town in which a bridge may be located of power or control over the same, or as relieving such town from the expense of constructing or repairing any bridge within its bounds, though such bridge may be within the territorial limits of a village incorporated under this act. In case the board of trustees of any village, so incorporated, shall think proper to construct or repair, and shall construct or repair, any bridge within the corporate limits, then the expense of such work shall be a charge on the taxable property of the village and be paid out of the corporate funds."

The village is not bound to repair bridges. The stipulation shows that it did not do so before the accident. The town duty continued in full force. The breach of duty must be enforced against the town and not the village. The village could repair it at its own expense, but it was not bound to do so, and thus no duty absolute or imperative is cast upon the village. It had, at best, a right to spend its own money in repairing a bridge, which it never exercised. The town commissioners were still bound to keep safe the bridge if the village did not elect to do so, and the town commissioners were bound to see to it that the bridge should never become unfit for travel by the public.

The judgment on the submitted case should be reversed, and judgment rendered that the village was not liable to the plaintiff upon the facts agreed upon in the submitted case, with costs of appeal.

PRATT, J., concurred ; DYKMAN, J., not sitting.

Judgment for plaintiff upon submitted case reversed, with costs of appeal, and judgment rendered that defendant is not liable.